**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL A. GORNICK, SR., | CASE NO. CV-F-06-0296 AWI DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| vs. | [Doc. 1] |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

I.  Screening Order

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 16, 2006.

A.  Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B. Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at California State Prison-Corcoran, where plaintiff was formerly incarcerated. Plaintiff names the California Department of Corrections, Correctional Officers Payne, Canto and Brandon; Sergeant Dicks; Wardens Scribner and Sanchez; Counselors Frauenheim, Smart and Bradbury; and Lieutenant Kays as defendants. Plaintiff is seeking monetary and injunctive relief.

Plaintiff alleges that on October 14, 2004, while housed in Corcoran Prison Security Unit, he submitted a group appeal regarding housing staff issues. Plaintiff alleges that after submitting the grievance, he was retaliated against by housing staff. He alleges that staff made false claims against him, and disposed of his personal property. He alleges that on December 8, 2004, he was taken out of his cell and beaten while handcuffed and then denied adequate medical treatment.

### C. Plaintiff's Section 1983 Claims

#### 1. Section 1983 Linkage Requirement and Rule 8(a)

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.

2

Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff's complaint is not in compliance with section 1983 linkage requirements or Rule 8(a), because it does not consist of a short and plain statement of plaintiff's claims, and it does not provide each defendant with fair notice of what that defendant did or did not do that allegedly violated plaintiff's rights.

The court will provide plaintiff with an opportunity to file an amended complaint curing these deficiencies. In amending his complaint, plaintiff is informed that his allegations should not be lengthy or overly-detailed. Rather, as previously stated, plaintiff need only set forth enough facts so that each defendant is on notice as to what he or she did or did not do that plaintiff believes violated his rights.

In the sections that follow, the court will provide plaintiff with the legal standards that are applicable to his claims. In his amended complaint, plaintiff should separate his claims by defendant or groups of defendants, and, as plainly and simply as possible, set forth only those facts necessary to place defendants and the court on notice as to the basis of plaintiff's claim against each defendant.

    2.  Eighth Amendment Claims

      a.  Excessive Force

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the

3

purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Hudson, 503 U.S. at 7.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Id. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). With respect to excessive force claims, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

### a. Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state

a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 3. Retaliation

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003. "Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations omitted*).

In assessing the fourth requirement, the court at the pleading stage should ask " 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." ' Id. at 568, *quoting* Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir.1999). "The 'government' to which the First Amendment guarantees a right of redress of grievances includes prison authorities, as it includes other administrative arms and units of government." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995), *citing* Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). An allegation that a defendant subjected a prisoner to "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987) (*internal quotations omitted*). However, in the context of a prisoner's retaliation claim, threats of discipline or transfer for the plaintiff's exercise of his First Amendment rights are sufficient adverse action to state a claim. See Gomez v. Vernon, 255 F.3d 1118, 1123 (9th Cir.2001); Valandingham v. Bojorquez, 866 F.2d 1135, 1141 (9th Cir.1989).

### D. Conclusion

The court finds that plaintiff's complaint must be dismissed, with leave to amend, for failure to

comply with the linkage requirements of section 1983 and for failure to comply with Rule 8(a). The court has provided plaintiff with the legal standards that appear to be applicable to his claims and will provide plaintiff with the opportunity to file an amended complaint. In drafting his amended complaint, plaintiff is cautioned that it is his responsibility to organize his complaint so that defendants and the court can readily ascertain which claims plaintiff is pursuing against which defendants.

Finally, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a complaint form;
3. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint;
4. The failure to file an amended complaint that complies with this order may result in an order striking the amended complaint from the record; and
5. The failure to file an amended complaint will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 1, 2006**          **/s/ Dennis L. Beck**
3b142a                                                                UNITED STATES MAGISTRATE JUDGE