**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL A. GORNICK, SR, | CASE NO. 1:06-cv-0296 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS CDCR, KAYS, SMART AND BRADBURY FROM THIS ACTION |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 12) |
| Defendants. | |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.      Screening Requirement**

Plaintiff Paul A. Gornick Sr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 16, 2006. On December 28, 2007, this court screened and dismissed plaintiff's first amended complaint with leave to file a second amended complaint. Plaintiff filed a second amended complaint on January 31, 2008. (Doc. 12).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.    Summary of Plaintiff's Second Amended Complaint**

The events at issue in the instant action allegedly occurred at California State Prison - Corcoran and Pelican Bay State Prison. Plaintiff names the California Department of Corrections and Rehabilitation, Warden Scribler, Warden Sanchez, Payne, Brandon, Do Canto, Dicks, Frauenhiem, Kays, Smart and Bradbury as defendants.

First, plaintiff may not bring suit against CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

A.    Plaintiff's Claims against Defendants Scribler, Sanchez, Payne, Brandon, Do Canto and Dicks

Plaintiff alleges that on December 8, 2004, defendants Payne, Do Canto, Brandon and Dicks removed plaintiff from his cell and physically assaulted him until he was nearly unconscious. Plaintiff alleges that these defendants then refused to summon medical treatment for plaintiff. Plaintiff alleges that these defendants were acting in retaliation for plaintiff filing a prison grievance regarding housing staff issues.

Plaintiff further alleges that defendants Scribler and Sanchez jointly decided to transfer plaintiff

from the Corcoran SHU to Administrative Segregation in retaliation for his filing grievances. Plaintiff alleges that as wardens, they are responsible for the actions of the correctional officers.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff states cognizable claims as against defendants Payne, Brandon, Do Canto and Dicks for violation of plaintiff's First and Eighth Amendment rights. Plaintiff also states cognizable claims as against defendants Sanchez and Scribler for retaliation, in violation of the First Amendment.

B.   Plaintiff's Claims Against Defendants Frauenhiem and Kays

Plaintiff alleges that defendant Frauenhiem threatened to leave plaintiff in Ad-Seg for years without his property unless plaintiff dismissed his complaint regarding the December 8, 2004 incident. Plaintiff contends that defendant Frauenhiem was therefore involved in the use of "segregation as punishment" for filing prison grievances.

Plaintiff alleges that after he was transferred to Pelican State Bay Prison in August 31, 2005, defendant Kays denied plaintiff a cellmate in retaliation for his litigation activity at Corcoran.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

3

because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity.  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities.  However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by other inmates and threatened with harm as a result); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

Plaintiff's allegation that defendant Frauenhiem threatened to leave plaintiff in Ad-Seg without his property is not sufficiently adverse to state a cognizable claim as against him for retaliation under

section 1983, nor is plaintiff's allegation that defendant Kays refused to assign a cellmate to plaintiff. Plaintiff was twice provided with the legal standard for required to state a retaliation claim, but is still unable to cure the deficiencies. Further, plaintiff has already twice been granted leave to amend his complaint. Therefore, the court recommends that plaintiff's claim against defendants Frauenhiem and Kay be dismissed, without leave to amend.

### C.   Defendants Smart and Bradbury

Plaintiff asserts that defendants Smart and Bradbury have impeded his access to the court by failing to log or file his grievances.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff has alleged no facts that demonstrate that he has suffered an actual injury. Some of the appeals that plaintiff alleges went unanswered or were screened-out concern the December 8, 2004 incident. Plaintiff is pursing those very claims in this action. Given that plaintiff is currently pursuing those claims in this action, plaintiff may not be heard to complain that because his appeals have gone unanswered, he has suffered actual injuries with respect to those claims. Plaintiff's concern that he may in the future suffer a dismissal of his suit or suits on the ground that he failed to complete the grievance procedure is insufficient to meet the actual injury requirement. Indeed, a number of courts have declined to dismiss for failure to exhaust where prison officials have rendered the process itself unavailable, either through the failure to respond in a timely manner or through the failure to respond at all. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired,

the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)). Thus, it is not a foregone conclusion that plaintiff will ultimately suffer dismissal because his appeals have gone unanswered. Until plaintiff suffers some actual prejudice with respect to his suits and this prejudice results from prison officials' failure to respond to his appeals, plaintiff has not suffered an actual injury. At this juncture, plaintiff's access to the courts claims stemming from the inadequacies of the inmate appeals process is premature. Plaintiff fails to state a claim against defendants Smart and Bradbury.

**III.     Conclusion**

The court finds that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Payne, Brandon, Do Canto and Dicks for violating plaintiff's First and Eighth Amendment rights, and defendants Sanchez and Scribler for violating plaintiff's First Amendment rights. However, the court finds that plaintiff's allegations do not give rise to any claims for relief as against defendants CDCR, Frauenhiem, Kays, Smart or Bradbury. The court has twice provided plaintiff with an opportunity to file an amended complaint, and plaintiff still has been unable to cure the deficiencies in his claims. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Payne, Brandon, Do Canto, Dicks, Sanchez and Scribler;

2. Defendant California Department of Correction be dismissed from this action on the

grounds that it is immune from suit; and

3. Defendant Frauenhien, Kays, Smart and Bradbury be dismissed from this action for plaintiff's failure to state a claim for relief against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  August 25, 2008            /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE