IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. GORNICK, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CALIFORNIA DEPARTMENT OF ) <br> CORRECTION, et al., ) <br> ) <br> Defendants. ) <br> _____) | CV 06-CV-0296 BLW-LMB (PC) <br><br> ORDER |

This prisoner civil rights case has been referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b)(1). (Docket No. 59). Currently pending and considered herein is (1) Plaintiff's First Request for Production of Documentation (Docket No. 40), (2) Plaintiff's Motion to Appoint Counsel (Docket No. 41), (3) Plaintiff's Motion for 45 Day Extension of Time (Docket No. 44), (4) Plaintiff's Motion to Appoint Counsel (Docket No. 45) and (5) Plaintiff's Motion to Appoint Counsel (Docket No. 49).[1] Having reviewed the motions, responses and relevant portions of the

---

[1] Also pending but will be considered separately is Defendant's Motion to Dismiss (Docket No. 47), Plaintiff's Motion for Court to Conduct an In Camera Review of Withheld Documents and Information (Docket No. 48), and Plaintiff's Motion To Summons Defendants C/O Do Canto And Warden Sanchez (Docket No. 58).

ORDER AND REPORT AND RECOMMENDATION - 1

record, the Court concludes that oral argument is unnecessary to resolve these matters and will not aide the Court in its decision, and enters the following orders accordingly.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff may obtain relevant records and documents by sending discovery requests to Defendants' counsel after Defendants answer the complaint. Discovery requests should *not* be filed with the Court. The Court is not otherwise involved in aiding Plaintiff in obtaining records or other items regarding his claims, unless Plaintiff first requests these items in a proper manner from opposing counsel, opposing counsel refuses to provide the items, Plaintiff tries to resolve the dispute, and then Plaintiff files a motion to compel discovery after all other steps have been taken.[2]   Records and documents from third parties who are not a part of this lawsuit may be obtained by requesting issuance of a subpoena duces tecum from this Court.

The Request for Production of Documents shall be stricken.

## MOTIONS FOR APPOINTMENT OF COUNSEL

Pending before the Court are three motions renewing Plaintiff's request for appointment of counsel. (Dockets No. 41, 45 and 49).  Plaintiff has requested and been denied appointment of counsel three times previously (*see* Docket Nos. 20 and 37).  The

---

[2]Plaintiff has filed a request for in camera review of documents Defendant appears to have withheld from discovery for security reasons.  The Court construes pro se filings liberally, and will construe the motion as a motion to compel production of the documents.  The court will decide the request for in camera review after making its recommendation regarding the pending motion to dismiss.

ORDER AND REPORT AND RECOMMENDATION - 2

bases for Plaintiff's first pending motion (Docket No. 36) are either the same or similar to those previously stated, and include that he is indigent, limited in his ability to litigate due to his incarceration, that the issues are complex and will require significant research and investigation and that counsel would be better able to present witnesses and evidence at trial.  In his renewed motions, Plaintiff also  adds that he needs assistance in understanding what is being asked of him in discovery and in handling the Defendant's production of documents, or objections to his requests, and that he has no access to other prisoners who have legal knowledge and who can assist him.

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).   Plaintiff makes no allegation in this action that his personal liberty is at stake.  He is no longer residing in the facility where the actions were alleged to have been taken against him.

Whether a court appoints counsel for indigent litigants is within the court's discretion.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).  In civil cases, counsel should be appointed only in "extraordinary cases."  *Id*.  at 1330.  To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015,

1017 (9th Cir. 1990).  Neither factor is dispositive, and both must be evaluated together. *Id*.

Applying the factors to this case, the Court finds that Plaintiff's Complaint, liberally construed, states a claim upon which relief could be granted if the allegations are proven at trial.  However, without more than the bare allegations of the Complaint, it is presently impossible to determine the likelihood of Plaintiff's success on the merits.  Moreover, there is presently a motion to dismiss pending alleging that Plaintiff failed to exhaust his administrative remedies.

Plaintiff has articulated his claims sufficiently, and the legal issues are not complex in this matter.  Based on the foregoing reasons the Court finds it appropriate to deny Plaintiff's Motions for Appointment of Counsel at this time.   The Court may reconsider at a later date if Plaintiff's claims survive the motion to dismiss on procedural grounds, and appointment of counsel seems appropriate.

Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d).  *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment.  *Id*.  The Court has no funds to pay for attorney's fees in civil matters, such as this one.  Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is

especially difficult.  For these reasons, Plaintiff should attempt to procure his own counsel on a contingency or other basis, if at all possible.

## MOTION FOR CONTINUANCE

Plaintiff seeks 45 days up to and including July 1, 2009, within which to "Respond to Interrogatories by the defendants(s) and Production of documents." (Docket No. 44). Attached as an exhibit to Plaintiff's request are Defendants' Responses to Plaintiff's First Request for Production of Documents.

The Court is unclear as to the relief the Plaintiff requests.  The rules of civil procedure applicable to this court action do not provide for Plaintiff to reply to Defendant's discovery responses, and do not set forth a specific deadline within which to file a motion to compel or other motion to seek relief for another party's inadequate discovery response.  Defendants filed a non-opposition to Plaintiff's request for more time to respond to discovery, however, which suggests that discovery was served upon Plaintiff.  Based on the non-opposition, the motion is granted and any response Plaintiff served on or before July 1, 2009 will be deemed timely.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motions for Appointment of Counsel (Docket Nos. 41, 45 and 49) are DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion for 45 Day Extension (Docket No. 44) is GRANTED;

ORDER AND REPORT AND RECOMMENDATION - 5

IT IS FURTHER ORDERED that Plaintiff's First Request for Production of Documents (Docket No. 40) be STRICKEN.

DATED: **September 21, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge