IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PAUL A. GORNICK, SR.,<br><br>                         Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, J. PAYNE, CANTO, BRANDON, SGT. K.A. DICKS,<br><br>                         Defendants. | Case No. 1:06-CV-296-BLW-LMB<br><br>**MEMORANDUM DECISION AND ORDER AND REPORT AND RECOMMENDATION** |

Pending before the Court in this prisoner civil rights case is Defendants' Motion to Dismiss (Docket No. 47), which is now fully briefed and ripe for adjudication. Also pending are several motions filed by Petitioner (Docket Nos. 48 & 58). The Court, having reviewed the record in this matter and having considered the written arguments of the parties in the briefing, concludes that oral argument is unnecessary. Accordingly, the following Memorandum Decision and Order and Report and Recommendation is entered.

**DEFENDANTS' MOTION TO DISMISS**

A.      **Standard of Law**

Defendants seek dismissal of Plaintiff's entire action. A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party. *Id*. (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

Defendants argue that Plaintiff failed to exhaust his administrative remedies as to his claims of retaliatory assault and failure to provide medical care after the assault.  Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[1] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement.  42 U.S.C. § 1997e(a).  "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*,  548 U.S. 81, 88 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The *Jones v. Bock* Court noted the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  *Id*. at 204.

Failure to exhaust administrative remedies is an affirmative defense that should be brought as an unenumerated 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).  In

---

[1]  110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**REPORT AND RECOMMENDATION  2**

deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look

beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.   Defendants bear the

burden of proving failure to exhaust.  *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

**C.     California Prison Grievance Procedures**

California Department of Correction and Rehabilitation ("CDCR") regulations provide a

four-step administrative process for prisoner grievances, with each step, including the first,

referred to as a "level of appeal." They are:  (1) informal level of appeal with the staff involved in

the action or decision; (2) first formal level of appeal with an appeals coordinator; (3) second

formal level of appeal with the institution head, regional parole administrator, or their designee;

and (4) third formal level of appeal with a designated representative of the director under

supervision of the chief of inmate appeals.  Cal.Code. Reg. tit. 15, § 3084.5.  In some instances,

prison officials can waive a level (discussed more fully below).

At every appeal level, including the first informal appeal level, the inmate "must submit

the appeal within 15 working days of the event or decision being appealed, or of receiving an

unacceptable lower level appeal decision."  *Id.*, § 3084.6(c).  Also "at each level of review not

waived, the original appeal shall be returned to the appellant with a written response stating the

appeal issue and the reasons for the decision."  *Id.*, § 3084.5(g).

To file an informal level of appeal, a prisoner completes a two-page "CDC Form 602,

Inmate/Parolee Appeal Form" ("602 Form") describing "the problem and action requested," *id.*,

§ 3084.2(a), and submits it to the "staff involved in the action or decision." *Id.*, § 3084.5(a).  The

staff member reviews the informal level appeal and provides a written response on the same

form, reporting the action taken in the space provided and signing and dating the form.  *Id.*, §

**REPORT AND RECOMMENDATION   3**

Case 1:06-cv-00296-BLW-LMB   Document 64   Filed 02/24/10   Page 4 of 10

3084.5(a)(2). The staff member's informal level response must be completed within 10 working days. *Id*., § 3084.6(b)(1). Making an "attempt to obtain informal level review is required before an appeal may be accepted for formal review," unless the problem fits within a category of complaints for which the informal appeal level is an exception as listed in §§ 3084.5(a)(3) and 3084.7, in which case the informal level is "waived." *Id*., § 3084.5(a)(1) & (a)(3).[2]

To proceed to the first formal level appeal (which is the second step in the grievance process), the inmate uses the next space of the same 602 Form, where he is instructed: "If you are dissatisfied, explain below, attach supporting documents (Completed CDC115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response." *See* CDC Form 602. The appeals coordinator screens the first formal level appeal, and may reject the appeal on any number of grounds, including appeals that do not include evidence that an informal level of appeal was completed (if required), or that do not include necessary supporting documents. *Id*., § 3084.3(c).[3] First level appeal responses shall be completed within 30 working days. *Id*., § 3084.6(b)(2). The regulations are silent as to whether an inmate can proceed to the second level

---

[2] In some circumstances, the informal complaint step is waived, such as complaints challenging departmental regulations, policies, or operational procedures; or those involving the alleged misconduct of departmental peace officers. *See* 15 Cal.Code. Reg at § 3084.5(a)(3)(A) through (H).

[3] "When rejecting an appeal, the appeals coordinator shall complete an Appeals Screening Form, CDC Form 695 (rev. 5-83), explaining why the appeal is unacceptable. If rejection is based on improper documentation, the form shall provide clear instructions regarding further action the inmate must take to qualify the appeal for processing." 15 Cal.Code. Reg at § 3084.3(d).

REPORT AND RECOMMENDATION   4

of review if no response is received at the first level of review.[4]  However, the regulations do specify that "[s]econd level review is for review of appeals *denied* at the first level or for which the first level *is otherwise waived* by the regulations."  *Id*., § 3085.5(c) (emphasis added).

If the inmate proceeds to the second level of review (which is the third step in the grievance process), *see id.*, second level appeal responses shall be completed within 20 working days, or 30 working days if the first level is waived pursuant to section 3084.5 (a)(3).  *Id*., § 3084.6(b)(3).  The regulations provide that the second formal level, with the exception provided in section 3084.7(d)(4)(B), "shall be completed prior to the appellant filing at the third formal level."  *Id*., § 3085.5(c).

The third level of review (which is the fourth and final step in the grievance process) is "for review of appeals not resolved at second level with the exception provided in section 3084.7(d)(4)(B)."  *Id*., § 3084.5(d).  Third level responses shall be completed within 60 working days.  *Id*., § 3084.6(b)(4).

## D.    Factual Background

Plaintiff, an inmate in the custody of the California Department of Correction and Rehabilitation (CDCR), made several allegations of constitutional violations against multiple defendants in his Amended Complaint.  All of Plaintiff's claims were screened out by the Court in the initial review process except Plaintiff's claims of assault in retaliation for filing grievances and denial of medical care claims against six Defendants.  Four Defendants have been served and

---

[4]  *Cf. id*., § 3085.5(c) ("the *second* formal level . . . *shall be completed prior to* the appellant filing at the third formal level") (emphasis added).

have appeared (Scribner,  Payne, Brandon, and Dicks);[5] they now argue that Plaintiff's retaliation and medical care claims should be dismissed for failure to exhaust administrative remedies.

Plaintiff alleges that he was housed in the Security Housing Unit (SHU) at Corcoran State Prison (COR).  He alleges that on December 8, 2004, he was moved from his cell out of retaliation for filing 602 appeals.  While being escorted to his new cell, Defendants Dicks, Brandon, DoCantu, and Payne allegedly assaulted him, causing him injury that required medical treatment.  (Complaint, p. 3A.)  Defendants contest these allegations, but that is not relevant to the motion at hand.  Plaintiff was transferred to the Administrative Segregation Unit at California Substance Abuse Treatment Facility the next day, on December 9, 2004.

Defendants argue that prison  records custodians have searched the records at both COR and California Substance Abuse Treatment Facility (SATF), and that they were unable to find an appeal regarding the retaliation or denial of medical care claims arising from the incident of December 8, 2004.  They admit that Plaintiff filed multiple appeals regarding his *housing assignment*, but contend that those claims were dismissed from the Amended Complaint.  In their reply, Defendants (1) clarify that the records custodians found no records related to Plaintiff's allegations that he submitted 602 forms twice in December 2004, and (2) admit the 602 form of January 12, 2005, was received and "screened out" as improper.  (Defendants' Reply, Docket No. 55.)

In particular, Defendants have submitted the Declaration of J. Jones, a CDCR Appeals Coordinator at COR.  (Exhibit 2, Docket No. 47-3.)  Jones declares that he or she (1) maintains

---

[5]  Defendants who have appeared believe that Sanchez and DoCantu have not been served.

records of all logged appeals (602 forms) filed by prison inmates at COR and (2) maintains a

database of all appeals filed by inmates at COR that have been screened out for failure to comply

with proper procedures.  Jones declares that he or she searched the records and determined that

Plaintiff did not file an appeal regarding his allegations of retaliation and denial of medical care

as it relates to the escort by Defendants on December 8, 2004.  Robert Hall, who occupies the

same position as J. Jones, but at the SATF, also states that he maintains the same logs and data

base, and that no pertinent appeals were found in his search of the records at that facility.

(Exhibit 3, Docket No. 47-3.)

Defendants have also produced the Declaration of N. Grannis, who is the CDCR Director

of Appeals in the Inmate Appeals Branch (IAB) in Sacramento, California.  (Exhibit 4, Docket

No. 47-3.)  Grannis states that to properly exhaust a claim, an inmate must specifically state each

claim and each form of relief desired.  Where staff grant only some of the relief requested in the

inmate's appeal, or if the inmate believes he is entitled to any other form of relief or otherwise

finds the resolution of the claim unacceptable for any reason, the inmate must continue to the

Director's level of review, which is the IAB.  Grannis states that he or she has searched the

records in the IAB office, and no third-level appeal from Plaintiff was accepted for review by the

IAB of the CDCR between December 4, 2004, and March 16, 2006, and therefore no appeal

regarding the December 8, 2004, incident was filed or accepted for third level review by IAB.

## E.    Discussion

The record shows that Plaintiff filed a 602 form on January 12, 2005.  In it, he states that

on "12/8/04, I was brutally assaulted by . . . C/O Payne, C/O DoCantu, C/O Brandon, and Sgt.

Dicks."  He further states that the assault was retaliation for a group 602.  He states that this is

the third 602 form he has filed on the assault, with the other forms submitted on 12/12/04 and 12/21/04, and that "none have been addressed to date."  (Exhibit 1 to Opposition, p. 12, Docket No. 53.)

Plaintiff also submitted a State of California Board of Control Government Claim, which states that he is having medical problems, he is still waiting for a CAT scan, and he has been refused medical appliances (braces).  The bottom portion says that he requested medical attention and was denied.  (Exhibit 1 to Opposition, p. 15, Docket No. 53.)  It appears that he submitted the Government Claim form and a "citizen's complaint" with the 602 form on January 12, 2005.

Plaintiff received a first "screen out" form (695 form) on "2/1/05" or "3/9" (both dates shown on form in staff handwriting).  (*Id*., p. 21.) The notes state: "Submit appeal directly to CSR Corcoran for response," and "Citizen complaint-sent to CSR in error."  (*Id*.)

Plaintiff received a second "screen out" form on or about April 26, 2005.  It stated that there had been too large a lapse of time between the action (12/8/04) and the appeal (1/12/05).  The note stated that "if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely."  (*Id*., p. 22.)  As shown above, there is nothing in the record showing that Plaintiff pursued and completed the appeals through the Director's level, as required by the CDCR grievance system.

The Court concludes that Plaintiff has not produced any copies of the 602 forms he alleges he submitted on December 12, 2004 and December 21, 2004.  Without that evidence, the record shows that the first 602 form was filed on January 12, 2005, beyond the time limits for an appeal.  Following the time limits set by the prison administrative appeal system is required.  *See*

**REPORT AND RECOMMENDATION   8**

*Woodford v. Ngo*,  548 U.S. at 88.  In addition, Plaintiff has produced no third-level Director's appeal form for the January 12, 2005 602 form.  As a result, the Court concludes that Plaintiff has not properly exhausted his administrative remedies, and recommends that his claims be dismissed.

As a result, Plaintiff's Motion to Serve Defendants DoCantu and Sanchez (Docket No. 58) and Motion for the Court to Conduct an in Camera Review of Discovery Documents (related to the merits of the claims) (Docket No. 48) are denied as moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1.      Plaintiff's Motion to Serve Defendants DoCantu and Sanchez (Docket No. 58) is DENIED as MOOT.

2.      Plaintiff's Motion for the Court to Conduct an in Camera Review of Discovery Documents (related to the merits of the claims) (Docket No. 48) is DENIED as MOOT.

## RECOMMENDATION

The Court HEREBY RECOMMENDS that Defendants' Motion to Dismiss (Docket No. 47) be GRANTED.

Written objections to this Report and Recommendation must be filed within fourteen (14) days of the date it is entered on the docket, pursuant to 28 U.S.C. § 636(b)(1).  The document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The parties are advised that as result of failing to do so, that party may waive the right to raise factual

**REPORT AND RECOMMENDATION   9**

and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED:  **February 24, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge