IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PAUL A. GORNICK SR.,<br><br>                    Plaintiff,<br><br>          v.<br><br>CALIFORNIA DEPT. OF<br>CORRECTIONS, J. PAYNE,<br>DOCANTO, BRANDON, SGT. DICKS,<br>et al.,<br><br>                    Defendants. | Case No. 1:06-CV-00296-BLW-LMB<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration. (Dkt. 69.)

Plaintiff alleges that he attempted to mail his Objections to the Report and

Recommendation in a timely manner (by March 10, 2010), but the prison sent it to the

wrong court. The Objections were received by Clerk of Court on March 24, 2010, and

appear to have crossed in the mail with the Order on the Report and Recommendation

(see Order of March 25, 2010). The Court finds that good cause exists for Plaintiff's

failure to file his Objections in a timely manner. Having reviewed Plaintiff's Objection,

the Court enters this Order granting the Motion for Reconsideration in part and denying it

**MEMORANDUM DECISION AND ORDER- 1**

in part.

## ADDITIONAL REVIEW OF EXHAUSTION ISSUE

Plaintiff states that his 15-day appeal time began on December 8, 2004, and ended on December 23, 2004. (Plaintiff's Objection, Dkt. 65, pp. 2-3.) Plaintiff alleges that he filed three successive 602 appeal forms complaining of the incident at issue, on 12/12/04, 12/21/04, and 1/12/05. Plaintiff has no copy of the first two 602 forms because the prison grievance system does not provide for the retention of a copy of such filings by the inmate. Defendants have produced the testimony of prison records custodians who have found no record of the first and second 602 forms. Plaintiff alleges that CDCR personnel mishandled, lost, or destroyed his first two appeals.

The Court finds instructive the Report and Recommendations filed in *Buchanan v. Santos*, 2010 WL 1267353 (E.D. Cal. March 31, 2010), *adopted in full by* 2010 WL 2348732 (E.D. Cal. June 8, 2010). There, the Court noted:

> [W]hile the absence of evidence that a grievance was officially filed may indicate Plaintiff never submitted the grievance, it may also indicate that the grievance was discarded or ignored by staff, as Plaintiff contends. *See Spence v. Director of Corr.*, 2007 WL 61006, No. CIV S-05-0690 GEB KFM PC, *3 (E.D.Cal. Jan. 8, 2007) (If prison officials "are interfering with inmates' ability to properly file their 602s, then there will be no official record of the 602s having been 'accepted.'"), *findings and recommendations adopted in full*, 2007 WL 738528 (E.D.Cal. Mar.6, 2007). In a situation such as this in which the parties offer differing versions of events based on competing declarations, the issue is one of witness credibility and the Court cannot make that requisite assessment on a motion to dismiss.

*Id*. at *5.

**MEMORANDUM DECISION AND ORDER- 2**

Therefore, Defendants cannot prevail on their motion to dismiss based on lack of evidence that the first two 602 appeals were filed. However, because Plaintiff has submitted evidence of the subject matter of the first and second 602 appeals (complaints about the retaliatory assault incident) in the form of a third 602 appeal form, and he has submitted no evidence that the first and second 602 appeal forms contained a complaint about lack of medical care for the incident, the Court concludes that Defendants have carried their burden of proof to show that Plaintiff did not exhaust a claim regarding lack of medical care or that he did not act diligently to exhaust that claim.

Alternatively, the Court concludes that Plaintiff either exhausted his "available" remedies or is excused from exhaustion as a result of his pursuit of the third 602 appeal form and prison officials' actions and inaction regarding that appeal. The third 602 form was "screened out" or rejected twice; it was a follow-up form asking for information about the two prior 602 appeal forms. The prison grievance procedures provide:

> When rejecting an appeal, the appeals coordinator shall complete an Appeals Screening Form, CDC Form 695 (rev 5-83), explaining why the appeal is unacceptable. If rejection is based on improper documentation, the form shall provide clear instructions regarding further action the inmate must take to qualify the appeal for processing.

15 Cal. Code Reg. at § 3084.3(d).

It is undisputed that Plaintiff's third 602 appeal form of 1/12/05 was received by prison officials. However, as noted above, it was screened out twice–first, with instructions that it should have been submitted directly to CSP Corcoran for a response. (Plaintiff's Response, Exhibit 3, Dkt. 53, p. 21.) Plaintiff directs the Court's attention to a

**MEMORANDUM DECISION AND ORDER- 3**

stamp on the third appeal form that reads: "CSP-Corcoran Appeals Office 05 Mar 16 AM 6:24," indicating it was, in fact, received by CSP Corcoran, as directed. (As noted above, the third 602 form of 1/12/05 addressed only the assault, and not the lack of medical care after the assault.)

On April 26, 2005, the CSP Corcoran Appeals Coordinator issued a second screen out notice to Plaintiff, indicating that the appeal was untimely and that if he would like to pursue the matter further, he needed to submit an explanation and supporting documentation explaining why he did not or could not file his appeal on time. The form also indicated: "This screening decision may not be appealed."  (Dkt. 53, p. 22.) Plaintiff shows that he sent a letter of explanation to the appeals coordinator on April 26, 2005. (Dkt. 53, p. 29.)

Plaintiff also states that on June 20, 2005, the second screen out notice for his third 602 form was returned to him with his explanation attached, but with no prison official's response to his explanation. (Dkt. 65, p. 5.) Plaintiff asked his floor officer, C/O Sprouse to sign the incoming screen out notice as evidence that Plaintiff's explanation was, in fact, processed and returned to him without any further comment. (Dkt. 53, pp. 32-33.)

The Court concludes that Plaintiff exercised due diligence to exhaust his administrative remedies and is excused from exhaustion as to the retaliatory assault claim for the following reasons: (1) the prison grievance system provides that, when appeals are rejected, the appeals coordinator must give the inmate instructions to tell the inmate the

**MEMORANDUM DECISION AND ORDER- 4**

further action he must take to qualify the appeal for processing; (2) Plaintiff was actually directed to submit an explanation; (3) Plaintiff actually submitted an explanation; (4) prison officials returned Plaintiff's explanation to him without comment on whether his explanation qualified the appeal for processing; and (5) the screen out notice bears a printed statement that there is no appeal of the screen out notice. Defendants have not shown that a further remedy remained available in the instance where an inmate is invited to provide an explanation to qualify the appeal for processing, the prison fails to provide a response as to whether the explanation was sufficient, and the screen out notice states that there is no appeal from a screen out notice. It is unclear what Plaintiff should have done further to obtain a response, especially in light of the fact that no copies of the 602 forms are provided to inmates, who must simply trust that the form has been received and is being processed. Here, where there was a question as to receipt and processing, Plaintiff used the procedures for follow-up, and yet the prison failed to provide Plaintiff with a response to his explanation. Defendants have not shown anything more Plaintiff could have done. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (exhaustion is excused where an inmate takes reasonable and appropriate steps to exhaust his claim and is precluded from doing so by prison officials); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting"). However, because Plaintiff did not include in his 602 form of 1/12/05 any allegations regarding lack of medical care after the assault, he cannot proceed

**MEMORANDUM DECISION AND ORDER- 5**

on that claim because it was not properly exhausted, nor can the exhaustion requirement be excused because Plaintiff did not exercise diligence regarding that claim.

For the foregoing alternative reasons, the prior Order and Judgment will be vacated and the Clerk of Court will be ordered to reopen this case.

## SERVICE UPON DEFENDANTS DOCANTO AND SANCHEZ

Plaintiff alleges that in July 2009, the United States Marshal Service informed him that Defendant DoCanto no longer worked at the CDCR, but that the California Deputy Attorney General informed Plaintiff that she thought DoCanto was still employed by the CDCR. Apparently, Plaintiff was also informed that Warden Sanchez is now retired. (See Dkt. 58.)

Within fourteen (14) days, the attorney general is ordered to determine whether DoCanto is currently employed by CDCR and file a notice (with a copy to Plaintiff) showing the name and address of the facility where DoCanto works if he is still employed or stating that DoCanto is no longer employed by the CDCR. However, Plaintiff will have to determine a physical service address for former Warden Sanchez.

In any event, Plaintiff will be given fourteen (14) days after he receives the notice from the attorney general in which to submit USM 285 forms to the Clerk of Court requesting service of process on the remaining defendants. Failure to do so will result in dismissal without prejudice of the claims against them without further notice.

## PRETRIAL SCHEDULE

Should the remaining Defendants be served, the Court will reopen discovery as to

**MEMORANDUM DECISION AND ORDER- 6**

those Defendants only. It appears that the parties have otherwise engaged in discovery pursuant to the schedule set forth in the Court's Order of March 11, 2009. (Dkt. 37.) Any summary judgment motions by Plaintiff or Defendants who have already appeared in this case shall be filed no later than **September 30, 2010**.

ORDER

**IT IS ORDERED:**

1.     Plaintiff's Motion for Reconsideration (Dkt. 69) is GRANTED in part and DENIED in part. The case shall be reopened and Plaintiff is permitted to proceed on the claim of retaliatory assault, but Plaintiff's claims for failure to provide medical care for the assault are DISMISSED for failure to exhaust administrative remedies.

2.     The Order of March 25, 2010 (Dkt. 66) and Judgment of March 25, 2010 (Dkt. 67) are VACATED.

3.     Plaintiff's Motion to Proceed in Forma Pauperis on Appeal (Dkt. 70) is DENIED as MOOT. Plaintiff is already proceeding in forma pauperis in this Court (Dkt. 4).

4.     The attorney general shall determine whether DoCanto is currently employed by CDCR and file a notice (with a copy to Plaintiff) showing the name and address of the facility where DoCanto works if he is still employed or stating that DoCanto is no longer employed by the CDCR.

5.     Plaintiff shall have fourteen (14) days after he receives the notice from the

**MEMORANDUM DECISION AND ORDER- 7**

attorney general in which to submit USM 285 forms to the Clerk of Court

requesting service of process on the remaining defendants. Failure to do so

will result in dismissal of the claims against them without further notice.

6.     Any summary judgment motions by Plaintiff or the Defendants who have

appeared in this case shall be filed no later than **September 30, 2010**.

7.     The Clerk of Court is ordered to notify the United States Court of Appeals

for the Ninth Circuit that the Motion for Reconsideration has been granted

and the case reopened in the District Court.

DATED:  **July 20, 2010**



_____

Honorable B. Lynn Winmill

Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 8**