IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PAUL A. GORNICK SR.,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, J. PAYNE, DOCANTO, BRANDON, SGT. DICKS, et al.,<br><br>        Defendants. | Case No. 1:06-CV-00296-BLW-LMB<br><br>**ORDER** |

**IT IS ORDERED** that a settlement conference shall be held in this action on **Thursday, September 29, 2011, at 10:00 a.m.** before United States Magistrate Judge Nandor J. Vadas at Pelican Bay State Prison.

**Mandatory Appearance Requirement**

Plaintiff shall attend in person, along with Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on Defendants' behalf. Those in attendance must be prepared to discuss the claims, defenses, and damages. Governmental entities may request permission to appear through litigation counsel only, but the individual with full and unlimited authority must be immediately

**ORDER- 1**

available to discuss and modify settlement authority.[1] The parties must be prepared to fully explore all settlement options. The failure of any counsel, party or authorized person subject to this order to appear in person will result in the immediate imposition of sanctions. Sanctions will include, but will not be limited to, the attorney fees and travel costs of the other parties in the case. In addition, the conference will not proceed and will be reset to another date.

In cases where a party is incarcerated at the time of the scheduled conference, defense counsel shall provide a copy of the order to the correctional institution's security personnel.

## Preparing for the Conference

Counsel for the Department of Correction must give notice of the conference to all Defendants who have made an appearance as of the date of this order. All conference discussions will be informal, off the record, privileged, and confidential. In preparation for the conference, the parties shall submit a settlement conference brief to chambers, through their counsel where applicable, on or before **September 27, 2011 at 4:30 p.m.** Defendants shall send the settlement brief to njvpo@cand.uscourts.gov. If possible,

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The individual must also have "unfettered discretion and authority" to change the settlement position of the party. Pitman v. Brinker Int'l.,Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman at 486. An authorization to settle for a limited dollar amount or sum certain is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

**ORDER- 2**

Plaintiff should fax his statement to Judge Vadas at (707) 441-1659, or mail it to him at the Federal Building, 514 H Street, 2nd Floor, Eureka, CA 95501.[2]

**Plaintiff's settlement brief must include the following**:

1. A brief description of the case and the claims asserted;

2. A specific demand for settlement addressing all relief or remedies sought; and

3. A brief description of any previous settlement efforts.

**Defendants' settlement brief must include the following**:

1. A brief description of the Defendants' position concerning Plaintiff's allegations and a list of defenses;

2. A specific and current response to Plaintiff's requests for relief in the Complaint and the Defendants' specific offer of settlement;

3. A budget of litigation costs between now and the time of trial; and

4. A brief description of any previous settlement efforts.

A general statement that a party will "negotiate in good faith" is not a specific demand or offer as contemplated by this Order. The settlement conference briefs are limited to five (5) pages and must not include exhibits, attachments or incorporate by reference the pleadings on file in the case. **Defendants' counsel shall also bring a settlement agreement form for use in memorializing the parties' agreement**.

---

[2] Because of the short time frame in which this conference was set to accommodate the parties, Plaintiff may lack adequate notice of the order setting the settlement conference in this case to prepare a settlement conference brief. Plaintiff shall comply with the order to the extent it is possible to do so. If, at the time of the conference, Judge Vadas has not received Plaintiff's brief, Plaintiff shall provide a copy to Judge Vadas at that time for his review.

**ORDER- 3**

All information provided during the conference is considered confidential and privileged, and the parties may request that the briefs be destroyed at the end of the conference. No oral statement, written document, or other material considered during the mediation procedure may be used against any party to this litigation. The ADR provider shall not be called to testify regarding the settlement conference proceedings.

### Request to Vacate Conference

If the case settles in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a joint motion to vacate the conference date is submitted no less than twenty-four (24) hours before the scheduled conference.

### Inquiries about the Conference

Questions regarding the settlement conference may be directed to Linn Van Meter, Administrative Law Clerk, at (707) 455-3612

DATED: **September 23, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 4**