IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PAUL A. GORNICK SR.,<br><br>                Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPT. OF CORRECTIONS, J. PAYNE, DOCANTO, BRANDON, SGT. DICKS, et al.,<br><br>                Defendants. | Case No. 1:06-CV-00296-BLW-LMB<br><br>**ORDER** |

Pending before the Court are several motions ripe for adjudication. In addition, the docket reflects that this case is ready to be set for trial. Having reviewed the record, the Court enters the following Order.

## PENDING MOTIONS

**1.**     **Motion for Review of in Camera Documents**

On November 2, 2010, the Court ordered Defendants to provide certain documents for in camera review that were relevant to the claims or defenses in this case, but had been withheld from Plaintiff for security reasons. (Dkt. 92.) Defendants produced the documents on December 10, 2010. (Dkt. 98-107.) Plaintiff has been provided with a

ORDER- 1

privilege log of the documents provided. (Dkt. 98, 98-1.)

Federal Rule of Civil Procedure 26(b) allows "[p]arties [to] obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." The term "relevant" is further defined as information that is "reasonably calculated to lead to the discovery of admissible evidence, and it "need not be admissible at trial." Fed. R. Civ. P. 26(b)(1). Although relevance has a broad meaning, district courts are given wide discretion to apply the discovery rules in a way that is just. Fed. R. Civ. P. 1. When considering a protective order request, if a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Here, the Court finds that, although the documents are relevant to the claims in this case, prison security interests are at stake. To balance those interests, Defendants will be required to provide a redacted version of the records to Plaintiff, as follows. The training records shall be redacted except to show the use of force training each Defendant participated in. The investigatory reports and exhibits shall be redacted to delete all references to other inmates, except eyewitness inmates (if any), and to delete all references to any subject matter other than the incident and Plaintiff's injuries. In addition, personal information of any individual found in the reports shall be redacted, including contact information and personal identifiers, like birth dates. Defendants shall lodge a redacted set of documents with the Court with a notice of compliance. Any

ORDER- 2

documents common to all investigatory reports can be provided to Plaintiff only once.

Plaintiff shall not show the documents to any other inmates, and Plaintiff shall return to Defendants' counsel the documents provided (including all copies made) at the end of the litigation.

**2.      Plaintiff's Motion to Appoint Counsel**

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).

In civil cases, counsel should be appointed only in "extraordinary cases." *Id*. at 1330. To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990). Neither factor is dispositive, and both must be evaluated together. *Id*.

To date, Plaintiff has articulated his claims sufficiently. While it is unfortunate that there are some limitations placed upon him because of his incarceration status, he is at no substantial disadvantage compared to other inmates, and, in fact, his organized and well-prepared filings in this case has shown that he can adequately protect his interests. The issues in this case are not complex: correctional officers either beat Plaintiff without

**ORDER- 3**

provocation or did not beat Plaintiff at all. These are factual issues that will be determined upon the evidence presented and the credibility of the parties and witnesses.

Pro se litigants are given substantial leeway at trial to present their evidence and examine witnesses. Court staff will be on hand to assist the parties with the handling and marking of evidence in the courtroom. Plaintiff must follow prison access-to-courts rules for contacting inmate witnesses prior to trial, but he will be able to submit his list of inmate witnesses to the Court and request transport orders for them in advance of trial.

Because of the lack of extraordinary circumstances in this case, paired with Plaintiff's above-average ability to pursue his case, Plaintiff's Motion to Appoint Counsel will be denied.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Decision on in Camera Discovery and Trial Date (Dkt. 123) is GRANTED, as set forth herein. Within 30 days after entry of this Order, Defendants shall provide the redacted documents to Plaintiff, with a notice of compliance and copy to the Court.

2. Plaintiff's Motion to Appoint Counsel (Dkt. 124) is DENIED.

3. Plaintiff's Motion for New Status Conference (Dkt. 130) is DENIED as MOOT.

**IT IS FURTHER HEREBY ORDERED** that the following pretrial and trial schedule shall govern the remainder of this case.

1. <u>Disclosure of Witnesses</u>: Both parties shall disclose all lay and expert witnesses intended to be called at trial and a summary of the substance of their testimony no later than **December 30, 2011**.

2. <u>Pretrial Conference</u>. A telephonic pretrial conference shall be held on **February 21, 2012**, at 11:00 a.m. Mountain Time. Counsel for Defendants shall initiate the conference call, using a conference call operator, to the Court at 334-9145.

3. <u>Pretrial Motions and Objections to Exhibits</u>. All pretrial motions, including motions in limine, and all objections to exhibits shall be filed no later than **February 3, 2012.** Responses shall be filed by **February 17, 2012.**

5. <u>Requests for Transport of Prisoner Witnesses</u>. All requests for the transportation of prisoner witnesses to trial shall be made no later than **February 17, 2012**. As noted above, the substance of their testimony must be disclosed, so that the Court can determine whether the witnesses should be transported.

6. <u>Trial</u>. The Court shall conduct a 3-day jury trial beginning **March 12, 2012**, at the United State District Court for the Eastern District of California, 2500 Tulare Street, Courtroom #3, Fresno, California 93721.

7. <u>Exhibit Lists, Exhibits, Proposed Voir Dire, Proposed Jury Instructions, Trial Briefs</u>: All exhibit **lists**, proposed voir dire, proposed jury

ORDER- 5

instructions, and trial briefs shall be filed with the Court no later than **January 20, 2012.** The parties shall **exchange** all trial **exhibits** on **January 20, 2012**, but shall **not** provide them to the Court until the day of trial. Counsel shall provide the Court with one set of original pre-marked exhibits, and one copy. The exhibit lists shall be prepared on the form available at "www.id.uscourts.gov/forms/district/exhibit lists: Exhibit List for Judge Winmill" (a copy will be provided to Plaintiff by mail), with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk. Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved for plaintiff's exhibits; exhibit numbers 2000 through 2999 shall be reserved for the first defendant listed on the caption; exhibit numbers 3000 through 3999 shall be reserved for the second defendant listed on the caption; and so on. Counsel shall review their exhibits, determine any duplication, and jointly mark and stipulate to the admission of those exhibits that both sides intend to offer and rely upon. The parties are directed to Eastern District Local Rule 162(a) and Local Rule 163(a) for procedures regarding proposed voir dire and proposed jury instructions, respectively. The dates set forth herein for the filing of proposed voir dire and proposed jury instructions, however, supersede the deadlines set forth in the Local Rules.

    8.    <u>Trial Procedures</u>:

**ORDER- 6**

a. The Court will generally control voir dire, and counsel will be limited to 20-30 minutes. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

b. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

c. During trial, the jury will be in the box hearing testimony the entire trial day between 9:00 a.m and 5:00 p.m., except for the standard fifteen minute morning and afternoon recesses, and the lunch recess. During the time the jury is in the jury box, no argument, beyond on-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night

**ORDER- 7**

sessions, counsel are advised to bring up all anticipated evidentiary questions in their trial briefs or by written pretrial objections or limine motions, as noted above.

d.  Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

DATED:  **November 28, 2011**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER- 8**