IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PAUL A. GORNICK SR., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPT. OF CORRECTIONS, J. PAYNE, DOCANTO, BRANDON, SGT. DICKS, et al., <br><br> Defendants. | Case No. 1:06-CV-00296-BLW-LMB <br><br> **ORDER** |

Pending before the Court are several motions ripe for adjudication. Having reviewed the record, the Court enters the following Order.

### PENDING MOTIONS

### 1.    Motion for Reconsideration for Full Disclosure of Documentation (Dkt. 136)

The Court earlier ordered Defendants to provide Plaintiff with redacted copies of records of any incidents reflecting any Defendant's alleged or actual involvement in alleged or actual excessive force incidents with any inmates. (Order of November 2, 2010, Dkt. 92.)The Court limited disclosure to incidents that occurred within two years of

ORDER- 1

Plaintiff's alleged incident (between December 2002 and the date of the incident on December 8, 2004). (Id.) Plaintiff argues that all incidents, no matter how far back in time, from the date Defendants were first hired, are within the broad scope of discovery. One of the Court's concerns was that requiring Defendants to search out and find such incidents would be unduly burdensome. To balance the need for the documents with the difficulty in searching for them, the Court will grant the motion for reconsideration in part. If any such records are found in Defendants' personnel files, Defendants shall produce them to Plaintiff in redacted form. However, Defendants shall not be required to search through thousands of inmate complaints to find any such documents, because it would be too burdensome. If no relevant pre-December 2002 records are found in the personnel files, then Defendants shall so state in their notice of compliance.

**2.      Motion for 90-Day Extension of Time (Dkt. 134)**

Plaintiff seeks an additional 90 days for trial preparation, which would move the trial from March to June. (Dkt. 134.) Defendants do not oppose moving the trial (Dkt. 135.) Good cause appearing, the Court will vacate the current pretrial and trial schedule and re-set those dates, as provided below.

**3.      Plaintiff's Motion to Reconsider Appointment of Counsel and Motion for Court Order (Dkts. 132, 152)**

For the reasons set forth in the Court's previous Orders, the Motion to Reconsider Appointment of Counsel will be denied. (Dkt. 132.) Plaintiff's litigation abilities far exceed those of most inmates. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Court

ORDER- 2

explained the limitations of *Bounds v. Smith*, 430 U.S. 817, 828 (1977), providing for inmate access to the courts. There, the Court emphasized that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." 518 U.S. at 351.

The *Casey* decision limits the application of *Bounds* to *initial filings* of prisoner cases involving their convictions or conditions of confinement. Particularly, the Court stated:

> It must be acknowledged that several statements in *Bounds* went beyond the right of access recognized in the earlier cases on which it relied, which was a *right to bring* to court a grievance that the inmate wishes to present. These statements appear to suggest that the State must enable the prisoner to discover grievances, and *to litigate effectively once in court*. These elaborations upon the right of access to the court have no antecedent in our pre-*Bounds* cases, and *we now disclaim them*."

518 U.S. at 354 (emphasis added).

Plaintiff's inability to more fully litigate his claims are "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id. at* 355. It appears that the prison has in place a set of policies and procedures to help inmates investigate their cases within the confines of the security and privacy protections inherently required in prison administration. Plaintiff's concerns in his "Motion for Court Order," is that prison officials have frustrated Plaintiff's case, hindered his access to the court, and failed to comply with their own rules and regulations. (Dkt. 152, p. 1.)

While the United States Court of Appeals for the Ninth Circuit has confirmed that prison officials have no affirmative duty to help an inmate litigate his claims beyond the pleadings stage, that Court has clarified that the law prohibits prison officials from

**ORDER- 3**

*actively interfering* with an inmate's litigation during the pendency of the case. *Silva v. Vittorio*, 598 F.3d 1090 (9th Cir. 2011). In other words, "[t]his right does not require prison officials to provide affirmative assistance in the preparation of legal papers, but rather forbids states from 'erect[ing] barriers that impede the right of access of incarcerated persons.'" Id. at 1102 (citation omitted).

Here, the Court will provide Plaintiff with an extension of time for the pretrial deadlines and the trial date in order to accommodate his need to prepare for trial pro se, and the court will require Defendants' counsel to call or meet with prison officials within 21 days after entry of this Order to clarify the process available to Plaintiff (and the particular prison officials who will be involved in the process) to enable Plaintiff to interview his witnesses in writing or in person, in accordance with what prison procedures may allow.[1] To facilitate the call or the meeting, Defendants' counsel shall provide prison officials in advance of the meeting the full contents of Plaintiff's Motion for Court Oder and exhibits addressing his difficulties with preparing for trial. (Dkt.152). After the call or meeting, Defendants shall file a notice with the Court indicating how that process will proceed in this case, including which prison officials will be involved in facilitating the process.

Plaintiff is advised that witnesses are not *required* to cooperate *before* trial. The procedures simply will provide Plaintiff with a manner in which to make a contact with

---

[1] If interviews are permitted, then any interviews with current Department of Correction employees can be held with or without the employee's attorney present, at the employee's choice.

ORDER- 4

them. If witnesses hold information relevant to the claims but refuse to cooperate, then the witnesses likely can be subpoenaed to testify *at* trial.

**3.     Motion for Court-Appointed Investigator (Dkt. 133)**

Plaintiff seeks appointment of an investigator to help him prepare for trial, and do those things inmates cannot do themselves. (Dkt. 133.) Plaintiff's request must be denied, as there is no legal basis to support such a request and no public monies available to fund such a request. The foregoing procedures should help Plaintiff adequately prepare for trial.

**ORDER**

**IT IS ORDERED:**

1.     Plaintiff's Motion for Reconsideration for Appointment of Counsel (Dkt. 132) is DENIED.

2.     Plaintiff's Motion for Court-Appointed Investigator (Dkt. 133) is DENIED.

3.     Plaintiff's Motion for Reconsideration for Full Disclosure (Dkt. 136) is GRANTED in part, as set forth herein above. If Defendants have any further documentation within the category set forth above, they shall provide it to Plaintiff in a redacted fashion, within 21 days after entry of this Order, and, in any event, a "notice of compliance" should be filed with the Court.

4.     Plaintiff's Motion for Status (Dkt. 153) is GRANTED to the extent that this Order provides a new pretrial and trial schedule.

5.      Plaintiff's Request for Court Order (Dkt. 152) is GRANTED to the extent

set forth above. Defendants' counsel shall meet by telephone or in person

with prison officials regarding the procedures Plaintiff is to use to obtain

witness information within 21 days after entry of this Order, and

Defendants' notice of compliance shall be filed within 10 days after

counsel has determined the procedures for Plaintiff to follow.

6.      The pretrial deadlines and trial date set in the Court's Order of November

29, 2011 (Dkt. 131) are VACATED.

**IT IS FURTHER ORDERED** that the following pretrial and trial schedule shall

govern the remainder of this case.

1.      <u>Disclosure of Witnesses</u>: Both parties shall disclose all lay and expert

witnesses intended to be called at trial and a summary of the substance of

their testimony no later than **April 30, 2012.**

2.      <u>Pretrial Conference</u>. A telephonic pretrial conference shall be held on **May**

**22, 2012, at 3:00 p.m.** Mountain Time. Counsel for Defendants shall

initiate the conference call, using a conference call operator, to the Court at

(208) 334-9145.

3.      <u>Pretrial Motions and Objections to Exhibits</u>. All pretrial motions, including

motions in limine, and all objections to exhibits shall be filed no later than

**May 4, 2012.** Responses shall be filed by **May 18, 2012.**

5.       <u>Requests to Transport Prisoner Witnesses</u>. All requests for the

transportation of prisoner witnesses to trial shall be made no later than **May 4, 2012**. As noted above, the substance of each witness's testimony and the location of the witness must be disclosed, so that the Court can determine whether the witnesses should be transported.

6.     Trial. The Court shall conduct a 3-day jury trial beginning **June 11, 2012**, beginning at **9:00 a.m.**, at the United States District Court for the Eastern District of California, 2500 Tulare Street, **Courtroom #7**, Fresno, California 93721.

7.     Exhibit Lists, Exhibits, Proposed Voir Dire, Proposed Jury Instructions, Trial Briefs: All exhibit **lists**, proposed voir dire, proposed jury instructions, and trial briefs shall be filed with the Court no later than **May 4, 2012**. The parties shall **exchange** all trial **exhibits** on **May 4, 2012**, but shall **not** provide them to the Court until the day of trial. Counsel shall provide the Court with one set of original pre-marked exhibits, and one copy. The exhibit lists shall be prepared on the form available at "www.id.uscourts.gov/forms/district/exhibit lists: Exhibit List for Judge Winmill" (a copy will be provided to Plaintiff by mail), with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk. Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved for plaintiff's exhibits;

**ORDER- 7**

exhibit numbers 2000 through 2999 shall be reserved for the first

defendant listed on the caption; exhibit numbers 3000 through 3999 shall

be reserved for the second defendant listed on the caption; and so on.

Counsel shall review their exhibits, determine any duplication, and jointly

mark and stipulate to the admission of those exhibits that both sides intend

to offer and rely upon. The parties are directed to Eastern District Local

Rule 162(a) and Local Rule 163(a) for procedures regarding proposed voir

dire and proposed jury instructions, respectively. The dates set forth herein

for the filing of proposed voir dire and proposed jury instructions,

however, supersede the deadlines set forth in the Local Rules.

8.   <u>Trial Procedures</u>:

a.   The Court will generally control voir dire, and counsel will be

limited to 20-30 minutes. Counsel are cautioned not to repeat

questions already asked by the Court or other counsel and are

advised that the Court will not permit voir dire which appears

intended to influence the jury rather than explore appropriate

concerns with a juror's ability to be fair and impartial.

b.   Counsel shall exercise good faith in attempting to reach a

stipulation on undisputed facts and admission of exhibits.

c.   During trial, the jury will be in the box hearing testimony the entire

trial day between 9:00 a.m and 5:00 p.m., except for the standard

**ORDER- 8**

fifteen minute morning and afternoon recesses, and the lunch recess. During the time the jury is in the jury box, no argument, beyond on-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their trial briefs or by written pretrial objections or limine motions, as noted above.

d.      Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

9.      <u>Prior Compliance with Pretrial Order</u>. If the parties have already complied with exchanges of lists or documents under the prior pretrial order, then their remaining duty to is provide supplementation only.

**ORDER- 9**



DATED: **February 3, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER- 10**